UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

NANETTE MARTINEZ,

    Plaintiff,

v.

SPORTS MEDICINE ASSOCIATES OF
SOUTH FLORIDA, P.A., Florida professional
association, and ALFRED DESIMONE, an individual,

    Defendants.
_____/

## **COMPLAINT**

Plaintiff, Nanette Martinez ("Martinez"), through her undersigned attorneys, files this Complaint against the Defendants, Sports Medicine Associates of South Florida, P.A. and Alfred Desimone (hereinafter, "Defendant"), and alleges:

## **JURISDICTION AND VENUE**

1.    This suit is brought against the Defendant pursuant to 29 U.S.C. § 201 *et seq.* ("Fair Labor Standards Act" or "FLSA").

2.    Jurisdiction is conferred upon this Court by:

    (a)    28 U.S.C. § 1331;

    (b)    28 U.S.C. § 1343; and

    (c)    29 U.S.C. § 216(b), which allows for a FLSA claim to be brought in any court of competent jurisdiction.

3.    Venue is proper for the Southern District of Florida because:

(a) Martinez was employed in the Southern District of Florida by the corporate Defendant which at all material times conducted, and continues to conduct, business in Broward County; and

(b) Additionally, venue lies because the acts that gave rise to Plaintiff's claims occurred in the Southern District of Florida and because the corporate Defendant keeps an office for the transaction of its customary business in this district (Sports Medicine of South Florida, P.A. is headquartered in Broward County, and Alfred Desimone resides in Broward County).

**CONDITIONS PRECEDENT/ADMINISTRATIVE EXHAUSTION**

4. Plaintiff has complied with all conditions precedent in this case, or they have been waived.

**PARTIES**

5. Martinez resides within this judicial district.

6. Defendant Sports Medicine of South Florida, P.A. is a Florida professional association which, at all times material, conducted substantial and continuous business in this judicial district, and is subject to the laws of the State of Florida and the United States. Sports Medicine of South Florida, P.A. owns and operates a orthopedic practice in Weston, Florida at which for all material times Martinez worked for and her labor benefited.

7. The corporate Defendant paid employees and paid Martinez (through Desimone) and has gross annual sales volume that greatly exceeds $500,000 annually (around several million), at least for years 2018-20. The corporate Defendant has two or more employees engaged in commerce, as they have two or more employees who handle, work on, and use goods or materials that have been moved in interstate commerce and/or manufactured outside the state of Florida. For example, in the South Florida location Defendant has at least 15 employees two or more who use computers, computer software, office supplies, medical equipment, copiers which were manufactured outside the

State of Florida (and thus have moved in interstate commerce), and use cars and vehicles which vehicles and gasoline were manufactured outside the State of Florida. Further, the Defendant has various employees make long distance phone calls (suppliers, internet purchases, medical equipment providers, insurance representatives, and others) and sent emails to individuals who reside out of the State of Florida regularly and recurrently to effectively communicate for the businesses to operate.

8. Additionally, Martinez is entitled to individual coverage, as she regularly and recurrently made calls to vendors, suppliers, billing agents, insurance representatives, prospective customers, and customers across state lines and thus she participated in the actual movements of goods or services and commerce across state lines.

9. Individual Defendant Desimone is the owner, officer, director/HR representative of the corporate Defendant and operates it day-to-day and has operational control over the corporate Defendant deciding financial decisions and having say over numerous employees and directing their work day-to-day, including how much they would be paid and when they would be paid, as the individual Defendant had the power the hire and fire, daily managed the company and was ultimately responsible for the profitability of the business.

10. Concerning Martinez, Defendant Desimone hired her, told her what to do, managed the operation day-to-day, determined how much and whether she would be paid (monthly bonuses were often late because the business has cash-flow issues, at least those were the excuses given by Defendant Desimone to Martinez), and Martinez had to follow the individual Defendant's orders.

11. The corporate Defendant is an "employer" pursuant to 29 U.S.C. § 203(d) of the Fair Labor Standards Act, and so too is the individual Defendant.

12. The corporate Defendant is an "enterprise" pursuant to 29 U.S.C. § 203(r) of the Fair Labor Standards Act.

The corporate Defendant is an enterprise "engaged in commerce" pursuant to 29 U.S.C. § 203(s) of the Fair Labor Standards Act. During all times relevant to this action, the corporate Defendant was an enterprise engaged in commerce as defined in 29 U.S.C. §§ 203(r) and 203(s).

13. Martinez was an "employee" pursuant to 29 U.S.C. § 203(e)(1) of the Fair Labor Standards Act.

14. Martinez was a non-exempt employee of Defendant who was subject to the payroll practices and procedures described in Paragraphs 23, 24, and 25 below, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this Complaint. At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. §§ 201-219 in that Martinez performed services for Defendant for which no provision was made to properly pay for those hours in which overtime was required to be paid, which requires the payment of wages at time and one-half for all hours worked in excess of forty (40) hours in each workweek.

## STATEMENT OF FACTS

15. Within the past three (3) years (2018 through 2020), Martinez worked for the Defendant performing various duties. Martinez worked under the title "billing manager", which duties included being nothing more than a glorified collector, as she had no ability to hire or fire or make effective recommendation for such decisions, nor did she truly supervise two or more full-time employees (she could document employees' poor performance in the billing department, who were then free to assault her, batter her, and generally treat her terribly, and she had recourse of any kind from there). Martinez was nothing about a production employee, simply attempting to collect as much money as she could, and thus is nonexempt, meaning she was entitled to overtime. Martinez had to clock in and out for lunch, but work through it. The agreement between me and the employer was that my pay was to compensate me for 40 hours worked, and thus only the first

4

40 because when I started I worked 40, but my hours were increased thereafter and I was thus was not compensated for the hours I worked over 40.

Martinez is Puerto Rican and worked for the Defendants for approximately 2 years and 2 months. Martinez reported to 5 doctors in the practice, and then to a supervisor, who was fired and replaced with an office administrator named Carlos Pedraha, who threatened Martinez by telling her, "I can make you fail." Martinez was supposed to have two people who reported to her, Hilary Bodden (a biller) and Anielka Martinez (a collector), but the administrator made clear that they report to him, and they were allowed to mistreat Martinez terribly. For example, they would knock into her in the hallway, stomp on her toes, and defamed Martinez. Martinez tried to write them up but they laughed about it and started to harass her. Bodden repeatedly referred to Martinez as "the devil', which is defamatory. Anielka Martinez threatened to quit repeatedly, but Defendants would always call her and bring her back, against Martinez's desires and advice.

16. Martinez's duties included doing whatever task the Defendant instructed her to perform, which varied depending on the time, but she was subordinated to other workers in the department shop foreman, and many of the other employees, and had to obtain their approval as to how they wanted to handle certain situations.

17. Martinez did not have the ability to hire or fire anyone (nor did she hire or fire anyone), and she did not regularly and customarily direct the work of any employees, much less two or more full-time workers.

18. Martinez was only given tasks that were designed to facilitate production work of the Defendant, such as the tasks described above concerning collecting funds owed, all of which consisted of regular, recurrent, and routine work that did not involve him exercising independent judgment and discretion on matters of significance.

19. Martinez's primary duties were not management.

20. During Martinez's employment, Martinez did not have any authority to interview, select, and/or train employees. Martinez did not have any authority to set and adjust the rates of pay and hours of work for any employees. Martinez had no authority to direct the work of employees. Martinez did not maintain production or sales records at all when he worked for the Defendant, nor did he use any such records to supervise or control any employee. In fact, Martinez knows little about the business's financing or financial success or failure, other than it was grossing about $3,000,000 and was trying to grow that by a factor of 5 or 6. The finances were not her responsibility. Martinez did not supervise any staff. Martinez had absolutely no say concerning any of the costs. For example, concerning wages paid to employees, Martinez had no say concerning what any particular employee would be paid, how many employees could work, when, what hours they could work, whether their pay should be increased or decreased, what tasks they would be performing, as all of that was determined by the Defendants. Martinez had no authority to spend any of the Defendant's money at all, and had no authority to authorize the payment of bills. Martinez never opened up any mail that came to the building for purposes of making any decision concerning the business with respect to that mail.

21. While Martinez worked for the Defendants, she never appraised employees' productivity and/or efficiency for the purpose of recommending promotions or other changes in status. While Martinez worked for the Defendants, she never handled employee complaints and grievances, as that was for the Defendants to do. Also, Martinez never disciplined employees, nor did she have the power or authority to do that. Martinez did not plan any work for any employee, as there was no work to plan. Martinez never determined any techniques to be used by employees to do their job. Martinez never apportioned work among any employees, as there were no employees who reported to him to whom to apportion work. Martinez never determined the type of materials, supplies, machinery, equipment, or tools to be used by any employees, as the

6

Defendants or the employees themselves decided all of that.  Martinez had no involvement in controlling the flow and distribution of materials or merchandise and supplies.  Martinez had nothing whatsoever to do with materials, merchandise, or supplies or their distribution. Martinez had no involvement with respect to budgeting.  Martinez was not involved in reviewing any sort of financial documents or statements of the buildings, and he did not review any such documents, nor was Martinez supposed to.  Martinez had no involvement in monitoring or implementing legal compliance measures.  There were no legal issues that Martinez had anything to do with in terms of deciding how they would be handled or dealt with while he worked for Defendant, nor did he have anything to do with paperwork concerning new employees or hires.  Martinez simply followed the established techniques and procedures with respect to his duties, all of which were repetitive, routine, and recurrent work.

22. Martinez did not do anything that could have resulted in financial losses for the Defendants.  Martinez did not perform work that was directly related to management or general business operations of Defendants or their customers, because Martinez did not perform work directly related to assisting with the running or servicing of the business, but rather was engaging in production work (manual labor to collect monies from those who owed monies to Defendant, and work arising out of that, communications with debtors concerning payments).  Martinez also did not perform work directly related to the management or general business operations of the Defendants because Martinez did not work in a functional area such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations, government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities.  Rather, Martinez was one

more person looking to perform production work the Defendants rely on so heavily, assist with the production work of getting money collected.

23. In the course of employment with Defendant, Martinez worked the number of hours required of her, but was not paid time and one-half for all hours worked in excess of forty (40) during a workweek.

24. Martinez regularly worked in excess of forty (40) hours per workweek—60-70 hours per week on average.

25. The Defendant should have partial accurate records of hours worked, because it required Martinez to login on a computer (though she was given tasks and worked off of the clock when instructed to, including working through lunch every day).

26. Martinez has retained the undersigned legal counsel to prosecute this action in her behalf, and has agreed to pay them a reasonable fee for their services.

27. Martinez is entitled to his reasonable attorneys' fees for prosecuting this action, whether or not she is the prevailing party.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION

28. Martinez re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 27 above as though fully set forth.

29. Martinez is entitled to be paid time and one-half for each hour worked in excess of forty (40) in each workweek.

30. By reason of the intentional, willful, and unlawful acts of Defendant, Martinez has suffered damages, *e.g.*, back pay for overtime wages, liquidated damages, and compensatory damages, plus incurring costs and reasonable attorneys' fees.

31.     As a result of the Defendant's willful violations of the Act, and the failure to pay overtime which was not in good faith, as discussed above, Martinez is entitled to liquidated damages as provided in § 216 of the FLSA, and is entitled to recover damages for three (3) years.

WHEREFORE, for workweeks within three (3) years of the filing of this Complaint, Martinez demands judgment against Defendants for the wages and overtime payments due her for the hours worked by her for which she has not been properly compensated (back pay), liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including pre-judgment interest, and any further relief that the Court deems necessary.

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs demand trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated:  ___March 17, 2021_____

Respectfully submitted,

By: /s/ *Chris Kleppin*
Chris Kleppin
Fla. Bar No. 625485
ckleppin@gkemploymentlaw.com
The Kleppin Firm, P.A.
*Attorneys for Plaintiff*
8751 W. Broward Boulevard
Suite 105
Plantation, FL 33324
Tel: (954) 424-1933
Fax: (954) 474-7405
Secondary E-Mails: assistant@gkemploymentlaw.com